**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2240-24

BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., AS
TRUSTEE FOR MORTGAGE
ASSETS MANAGEMENT
SERIES I TRUST,

     Plaintiff-Respondent,

v.

VANESSA DENISE MCCRAE,
Administratrix of the ESTATE OF
HUBERT S. BLACKNALL, a/k/a
HUBERT SIDNEY BLACKNALL,
SR., a/k/a HUBERT BLACKNALL,
a/k/a HUBERT SIDNEY BLACKNALL,
STANLEY BLACKNALL, MRS.
BLACKNALL, SPOUSE OF
STANLEY BLACKNALL, BRIAN
BLACKNALL, a/k/a BRIAN C.
BLACKNALL, SUNNOVA SSA
MANAGEMENT LLC, ABC BAIL
BONDS, INC., LEXINGTON
NATIONAL INSURANCE
CORPORATION, STATE OF NEW
JERSEY and UNITED STATES OF
AMERICA,

     Defendants,

and

MICHAEL BLACKNALL,

      Defendant-Appellant.

_____

Submitted April 30, 2026 – Decided July 13, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-012426-23.

Michael Blacknall, self-represented appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (John D. Krohn, on the brief).

PER CURIAM

Defendant Michael Blacknall appeals from the February 20, 2025 Chancery Division order, which amended the final judgment of foreclosure and issued a writ of execution in favor of plaintiff Bank of New York Mellon Trust Company, N.A., as trustee for Mortgage Assets Management Series I Trust (BNY). For the reasons that follow, we affirm.

I.

Hubert and Ruth Blacknall resided in Freehold.[1]  In November 2005, they executed a promissory note and home equity conversion loan agreement, commonly known as a reverse mortgage, with Financial Freedom Senior Funding Corporation (Financial Freedom).  This agreement allowed them to receive advances up to a maximum of $463,500 at an interest rate of 5.86% on the unpaid balance until paid in full.  According to the terms of the loan agreement, repayment of the loan was accelerated upon the death of the borrower if the property is no longer the principal residence of at least one surviving borrower.  The mortgage was recorded on December 8, 2005.

Financial Freedom assigned the mortgage and note to Mortgage Electronic Registration Systems, Inc. (MERS) in September 2009.  In October 2015, MERS assigned the mortgage to Cit Bank, N.A.

Ruth passed away in February 2018.  In December 2018, the mortgage was assigned to BNY.

After Hubert passed away in June 2023, no payments were made on the mortgage.  Shortly after his death, on July 6, 2023, the mortgage servicer mailed

---

[1]  Because the Blacknall defendants share a last name, we refer to them by their first names.  We intend no disrespect.

A-2240-24

a notice of intent to foreclose (NOI) by regular and certified mail, return receipt requested, to the estates of Hubert and Ruth at their Freehold address. The NOI stated the note and reverse mortgage were in default as of June 8, 2023, and unless the then-current loan balance of $386,680.62 was paid in full or otherwise resolved through an approved sale or deed-in-lieu by August 8, 2023, it was required to foreclose against the property.

In October 2023, BNY initiated a foreclosure action in the Chancery Division against Hubert, his heirs, and devisees—including Michael—and other parties with potential claims to the property or Hubert's estate. Michael responded by filing a contested answer to the complaint, asserting violations of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, along with several other separate and affirmative defenses.

BNY moved to amend the complaint to add additional defendants.[2] It also sought to join Vanessa Denise McCrae, the administratrix of Hubert's estate, as an additional defendant.

---

[2] On January 8, 2024, BNY dismissed the spouses of Michael and Brian Blacknall as improper defendants. As to the remaining defendants, Michael claims a settlement and stipulation of dismissal were entered; however, the document was not included in the appendix on appeal.

A-2240-24

The parties engaged in discovery. In response to Michael's discovery requests, BNY produced a 2005 HUD-1 settlement statement (2005 Settlement Statement), a mortgage payment plan signed by Ruth and Hubert, and a partial loan payment history.

BNY moved for summary judgment, to strike Michael's pleadings, and to return the matter to the Office of Foreclosure. It also renewed its request for entry of default as to certain defendants. In response, Michael and McCrae moved to dismiss BNY's foreclosure complaint and motion for summary judgment.[3] Michael argued BNY had not produced proof of the amount due and the mortgage had been canceled, relying on a second mortgage agreement signed by Ruth and Hubert in November 2003, and a certified note of cancellation dated March 27, 2006.[4]

Following argument, the court denied BNY's motion for summary judgment without prejudice, stating "it [was] not abundantly clear" BNY had

---

[3] McCrae's motion filed on behalf of Hubert's estate was denied as deficient.

[4] Hubert and Ruth held a second mortgage, home equity conversion, with the Secretary of Housing and Urban Development. This mortgage was paid in full and cancelled in March 2006. However, BNY claims the cancelled mortgage was recorded in the Monmouth County Clerk's Office on January 29, 2004. Despite this claim, the official record from the County Clerk's Office is stamped cancelled on March 27, 2006. A copy of the mortgage cancellation from the clerk's book was certified by the county clerk on May 28, 2024.

A-2240-24

fully responded to Blacknall's discovery requests. It instructed Michael to send a deficiency letter to BNY and ordered BNY to provide complete responses. The court also denied Michael's motion to dismiss. The record shows Michael did not send the deficiency letter to BNY as instructed by the court, nor did he move to compel or extend discovery.

Following the close of discovery, BNY renewed its motion for summary judgment and entry of default against the remaining defendants, submitting additional documentation, including the 2005 Settlement Statement. In its statement of material facts, BNY explained Line 220 of the 2005 Settlement Statement reflected over $201,396.13 was paid to Hubert and Ruth. It further asserted Line 205 reflected a portion of the $201,396.13 was a cash draw of $50,200.24 paid to Hubert and Ruth. In opposition to the motion, Michael argued BNY had not produced proof of these disbursed payments to Ruth and Hubert, the mortgage had been canceled, and BNY had sold the mortgage in May 2024.

On September 18, 2024, the court granted summary judgment to BNY, struck Michael's answer and affirmative defenses, entered a default judgment against him, and returned the matter to the Office of Foreclosure. The court determined Michael's opposition to the motion was procedurally deficient under

A-2240-24

Rule 4:46-2(b), and therefore, BNY's statement of material facts was deemed admitted.

On the merits, the court found payment of the mortgage loan was accelerated upon the deaths of Ruth and Hubert. In rejecting Michael's defenses as unsupported and conclusory, it determined Michael did not present competent evidence sufficient to create a genuine issue of material factual dispute.

Michael moved for reconsideration, asserting BNY presented no new evidence in its renewed motion for summary judgment. He also argued the court misapplied Rule 4:46-2(a) by granting summary judgment while discovery remained outstanding.

BNY also moved for the entry of final judgment. Michael objected. He reiterated BNY lacked standing to foreclose because it no longer held the note and mortgage at the time it filed for entry of final judgment in October 2024. Michael also renewed his contention there was no record of the disbursement to Ruth and Hubert.

After argument on November 12, 2024, the court denied reconsideration. In its well-written statement of reasons, the court reexamined each of Michael's contentions presented in opposition to the motion for summary judgment. The court reiterated BNY established a prima facie case of foreclosure and ultimately

determined Michael proffered no reason why the order should be reconsidered in the interest of justice.

At the December 9, 2024 hearing, the court rejected Michael's objection to BNY's motion for final judgment, noting it merely renewed arguments previously presented. The court determined these issues regarding standing to foreclose, discovery, and disbursement had been litigated and relitigated. It explained the only issue before the court was the amount of the judgment, any challenge by Michael was limited to contesting the final amount with specificity. The matter was again referred to the Office of Foreclosure.

On December 17, 2024, the court entered final judgment, issued a writ of execution, and ordered the property sold at a sheriff's sale. On February 20, 2025, it entered an amended foreclosure judgment and amended writ of execution, correcting a clerical error and setting the amount owed at $419,065.49. After the writ of execution was issued, the property was sold to satisfy the mortgage debt.

## II.

Michael argues the court erred in granting summary judgment, asserting BNY withheld evidence and did not fulfill its discovery obligations. He also presents two new arguments for the first time on appeal. Michael claims the

A-2240-24

trial court improperly relied on financial records that were not produced during discovery or the initial summary judgment motion. He contends BNY's actions violated the Consumer Fraud Act, N.J.S.A. 56:8-1 to -227, and federal fair lending laws: the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 to -1691f, and the Fair Housing Act, 42 U.S.C. §§ 3601 to -3619. In addition, Michael asserts BNY committed fraud on the court by submitting false certifications and concealing evidence.

In both his initial and amended notices of appeal, Michael limited his appeal to the February 20, 2025 order regarding the amended final judgment of foreclosure. "[O]nly the judgments, orders[,] or parts thereof designated in the notice of appeal are subject to the appellate process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1 (2026).

Nevertheless, we consider the merits of the arguments regarding the summary judgment motion because BNY did not assert this procedural bar under Rule 2:5-1, and both parties addressed the underlying summary judgment order in their merits briefs. See W.H. Indus., Inc. v. Fundicao Balancins, Ltda, 397 N.J. Super. 455, 458-59 (App. Div. 2008).

We review the trial court's grant of a motion for summary judgment de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024).

Under that standard, the court must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). Thus, "[s]ummary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Courts must give the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Gormley v. Wood-El, 218 N.J. 72, 86 (2014).

Having reviewed the record, we conclude there is no merit to Michael's contention BNY did not comply with discovery. While Michael contends he requested the loan origination file, disbursement history, canceled checks, and related financial documents—and BNY refused to produce them—the record is devoid of any evidence Michael complied with the court's directive to send BNY a deficiency letter or subsequently moved to compel discovery.

10

We are also unpersuaded by Michael's contention the missing discovery created a dispute of material facts. The unrebutted evidence in the record shows the acceleration clause in the reverse mortgage required payment in full, Michael was aware of the loan agreement, and there was a default under the note entitling BNY to foreclose on the mortgage. No additional discovery would rebut the validity of the debt, Hubert and Ruth's death constituted default, and neither Michael nor the estate cured the default. There is no competent evidence in the record from which a reasonable factfinder could decide in favor of Michael. Accordingly, we conclude the entry of summary judgment was appropriate.

Finally, we decline to consider Michael's remaining arguments for several reasons. Issues not raised before the trial court will generally not be considered on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). In essence, Michael seeks vacatur of the amended final judgment; however, he did not move to vacate the entry of amended final judgment before the trial court. He did not assert claims of fraud or violations of state and federal statutes during the litigation. Therefore, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions . . . raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal

<u>Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973). Michael's arguments do not implicate the court's jurisdiction or concern matters of public interest.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hartley

Clerk of the Appellate Division

A-2240-24